**Lester BRITTON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16729.**

United States Court of Appeals
District of Columbia Circuit.

Argued March 15, 1962.

Decided April 5, 1962.

Mr. Joseph A. McMenamin, Washington, D. C. (appointed by this court), for appellant.

Mr. John R. Schmertz, Jr., Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson and Luke C. Moore, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WASHINGTON, and DANAHER, Circuit Judges.

PER CURIAM.

Appellant was indicted for and convicted of the crime of housebreaking, D.C.Code § 22–1801 (1961). On appeal, his court-appointed counsel (not of counsel in the District Court), urges that the trial court erroneously declined to give an instruction on lesser included offenses. He contends that the evidence would have sustained a conviction for unlawful entry, see D.C.Code § 22–3102 (1961), carrying a much lower penalty.

However, appellant's trial counsel waited until the conclusion of the court's charge, which carefully outlined the law of housebreaking, and then asked for an instruction "on lesser offenses." Under all the circumstances, we think the trial court's refusal of the request was not reversible error. There was no specification of any particular lesser offenses which might be covered by the indictment and the evidence. Counsel may have had in mind forcible entry, see D.C. Code § 22–3101 (1961), or unlawful entry, see § 22–3102, or some other offense conceivably within the scope of the testimony. But the indictment was for housebreaking; the evidence was sufficient to establish housebreaking; and there was no showing to the judge that any other specific offense was "necessarily included," see Fed.R.Crim.P. 31 (c), 18 U.S.C.A., within the crime of housebreaking, as charged and proved. Such a showing may perhaps be unnecessary in situations where a lesser offense is plainly and inevitably included within

---

a greater. But that was not true here.[1] On the contrary, this would appear to be the sort of case in which Rule 30 of the Federal Rules of Criminal Procedure should be given application. That rule provides, in part:

"At the close of the evidence * * * any party may file written requests that the court instruct the jury on the law as set forth in the requests. * * * No party may assign as error any * * * omission [from the charge] unless he objects thereto before the jury retires to consider its verdict, *stating distinctly* the matter to which he objects and *the grounds of his objection.*" (Emphasis supplied.)

The judgment of conviction will accordingly be

Affirmed.

---

1. The Government urges that the two offenses—housebreaking and unlawful entry—are based on different statutory requirements, and that the former does not necessarily include the latter. It points out that the indictment here charged only housebreaking (entry with intent to steal the property of another), and does not allege the elements of unlawful entry (lack of lawful authority to enter, and entry against the will of another). "In view of this," says the Government, "a verdict of guilty of unlawful entry could be challenged as invalid and contrary to law." We need not pass on these contentions. But they indicate the need for a precise showing to the trial court.