Curtis COLEMAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 16728.

United States Court of Appeals District of Columbia Circuit.

Argued May 9, 1962.

Decided May 31, 1962.

Mr. Werner J. Kronstein, Washington, D. C. (appointed by this court) for appellant.

Mr. Anthony G. Amsterdam, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., Nathan J. Paulson, and Luke C. Moore, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM.

Appellant was tried jointly with a co-defendant for housebreaking as defined in 22 D.C.Code § 1801 (1961). We affirmed the conviction of the co-defendant. Britton v. United States, 112 U.S.App.D. C. 207, 301 F.2d 531. As to this appellant there was testimony which gave rise to the possible application of our decision in Kelley v. United States, 99 U.S.App.D. C. 13, 236 F.2d 746, on the question of a tacit admission. The subject was gratifyingly well briefed and presented by counsel for the United States and also by counsel for the appellant. Nevertheless, we feel obliged in any event to decide the case on another ground which was reserved for our review and also presented on the appeal, namely, the inadequacy of the evidence. We have concluded upon consideration of the evidence as a whole that the motion for a directed verdict of acquittal at the conclusion of the evidence should have been granted.

The co-defendant Britton, whose conviction we have affirmed, was shown to have been in the building where the housebreaking occurred, but the evidence failed to bring home to this appellant either that he aided and abetted Britton by acting as "look-out" or that he participated in any actual breaking or entering of the building, essential elements of the offense charged. By using a police dog to follow a scent appellant was lo-

cated near the scene, but neither the evidence to that effect, nor other evidence, placed him at any time in the building or established that he had collaborated with Britton in the crime itself.

The jury were not warranted in finding appellant guilty beyond a reasonable doubt.

Reversed and remanded.