James Arthur **LINDSEY**, also known as James Arthur Lindsay, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 21034.

United States Court of Appeals Ninth Circuit.

Nov. 10, 1966.

Rehearing Denied Jan. 18, 1967.

**634**

James A. Schmiesing of Boyko & Simmons, Los Angeles, Cal., for appellant.

Joseph L. Ward, U. S. Atty., Robert S. Linnell, Michael DeFeo, Asst. U. S. Attys., Las Vegas, Nev., for appellee.

Before HAMLEY, HAMLIN and BROWNING, Circuit Judges.

HAMLEY, Circuit Judge.

On May 26, 1964, we affirmed the conviction of James Arthur Lindsey on six counts of "committing fraud by wire," in violation of 18 U.S.C. § 1343 (1964). Lindsey v. United States, 9 Cir., 332 F.2d 688. Thereafter, on July 30, 1964, the district court denied Lindsey's first motion for a new trial, which had been made on the ground of newly discovered evidence pursuant to Rule 33, Federal Rules of Criminal Procedure. No appeal was taken from that order. On November 17, 1965, Lindsey filed a second such motion. This motion was denied on March 8, 1966, and Lindsey appeals.

The trial court did not indicate why it denied the second motion for a new trial, but presumably it was because, in the court's view, Lindsey failed to meet one or more of the five requirements for such relief. These are: (1) the evidence relied upon must in fact be newly discovered; (2) the movant must have exercised due diligence in discovering the new evidence; (3) the new evidence must not be merely cumulative or impeaching; (4) the new evidence must be material; and (5) the new evidence must be such that, on a new trial, it would probably produce an acquittal. See Wright v. United States, 9 Cir., 353 F.2d 362, 365.

The motion for a new trial now before us, made on the ground of newly discovered evidence, is supported by the affidavits of Mary P. Strantz, Robert M. Coffey, J. Robert Bluemlein, Richard H. Wyse, Vernon Loveall, A. Park Smoot, James A. Schmiesing, and two affidavits of Lindsey. Lindsey argues that these affidavits, considered together, meet the five requirements for a new trial referred to above, and the trial court should therefore have granted the motion.

Mrs. Strantz was the complaining witness and asserted victim of the fraud. At the time of the trial, in 1963, she was seventy-five years old. The trial evidence is undisputed that Mrs. Strantz made six payments to Lindsey aggregating more than $14,000 during a twelve-day period from September 26 to October 8, 1962. It is also undisputed that it was Lindsey's idea that these transactions between him and Mrs. Strantz be kept secret "so as not to emotionally disturb" Mrs. Jo Ann Wyse, the niece of Mrs. Strantz, who was living with Lindsey.

In addition, as we pointed out on Lindsey's appeal from the conviction the trial evidence was undisputed that Lindsey represented to Mrs. Strantz, among other things, that he proposed to use this money (a) to pay bills of Mrs. Jo Ann Wyse, (b) to reimburse himself in the sum of $11,000 for his alleged payment of Mrs. Wyse's bills, (c) to make certain repairs and improvements on a bowling alley Lindsey allegedly owned in Cincinnati, Ohio, which was also allegedly

"in escrow" to be sold—one-half of the proceeds thereof to be paid to Lindsey, (d) to make a payment due on Mrs. Wyse's house and thus "save it." (332 F.2d at 689–690) We further noted, at that point in our opinion, that all these representations by Lindsey were admittedly false.

Mrs. Strantz gave testimony at the trial substantiating most of the circumstances surrounding her 1962 transactions with Lindsey, as described above. However, on March 2, 1964, Mrs. Strantz, then seventy-six years of age, made an affidavit recanting her trial testimony. This affidavit was used by Lindsey as a basis for his first new trial motion on the ground of newly discovered evidence.

However, before that motion was acted upon, Mrs. Strantz made a second affidavit, dated April 17, 1964, recanting her first affidavit of March 2, 1964. In this second affidavit she reiterated, in substance, the testimony she had given at the trial concerning her 1962 transactions with Lindsey. In this second affidavit, Mrs. Strantz also stated that she had given her first affidavit of March 2, 1964, recanting her trial testimony, because she had been led to believe that Lindsey was a reformed man, that he would not "pull a con game such as this appears to be" on any person, that he was now leading a normal, pure and clean life, and that he had become a respectable citizen. Mrs. Strantz further stated in her second affidavit that she desired to recant her first affidavit, because Lindsey had "repeated the offense."

As noted earlier in this opinion, Lindsey took no appeal from the July 30, 1964 denial of his first motion for a new trial. The second motion for a new trial, filed November 17, 1965, and now before us, is supported by Mrs. Strantz's third affidavit, dated September 16, 1965. She was then seventy-eight years old. In this affidavit, Mrs. Strantz stated her belief that Lindsey was convicted on evidence which did not fully disclose all significant aspects of her transactions with him, and that a full disclosure of such transactions would result in an acquittal.

Mrs. Strantz then proceeded to state, in this third affidavit, certain facts which, in her opinion, were not revealed or were inadequately revealed, at Lindsey's trial. Among other things, she stated that she lent the money to Lindsey for her own reasons, independent of any representations made to her by Lindsey. She further stated that the idea for the loan, and the idea of keeping the loan secret from her niece, Mrs. Wyse, originated with her and not with Lindsey. Mrs. Strantz stated that she believed, at the time of the 1962 transactions, that Lindsey was providing a much-needed stabilizing influence upon her niece's family, and that in 1962 she had wished to preserve that influence.

In her third affidavit of September 16, 1965, Mrs. Strantz did not expressly recant her second affidavit of April 17, 1964, or her trial testimony. However, she stated that the second affidavit was induced by certain "misleading" information concerning Lindsey's character, supplied to her by special agents of the Federal Bureau of Investigation. This misleading information, she stated, was to the effect that Lindsey was in trouble in Reno, Nevada for swindling an elderly woman. Mrs. Strantz stated that she later learned that Lindsey was exonerated of any guilt as to such events. She also stated that she was precluded from assisting Lindsey at his trial because of great pressure exerted upon her by her family.

The Government countered Mrs. Strantz's third affidavit of September 16, 1965 with a fourth affidavit from her, dated December 20, 1965. In this fourth affidavit she expressly recanted her affidavit of September 16, 1965, and stated that the testimony she gave at the trial was true. She further stated that she did not desire to change one word of her trial testimony or one word of the allegations contained in her second affidavit of April 17, 1964. In this final affidavit of December 20, 1965, Mrs. Strantz stated, among other things, that

she had signed the September 16, 1965 affidavit at the request of Lindsey, who told her he would be eligible for parole only after serving five years in prison. Another reason she had signed the third affidavit, Mrs. Strantz said, was because she had compassion for his wife and children.

Finally, at the time of the third affidavit, Mrs. Strantz stated, she had been led to believe Lindsey had been found not guilty on a separate indictment against Lindsey, when in fact she was later told that the separate indictment had been dismissed after Lindsey had been found guilty.

 Motions for a new trial on the ground of newly discovered evidence, made pursuant to Rule 33, Federal Rules of Criminal Procedure, are addressed to the sound discretion of the trial court. The denial of such a motion may not be overturned on review except for an abuse of such discretion. Fernandez v. United States, 9 Cir., 329 F.2d 899, 904.

Mrs. Strantz, as the asserted victim and complaining witness, was one of the prosecution's principal witnesses at Lindsey's trial. If her third affidavit of September 16, 1965, filed in support of the motion for a new trial, had amounted to a recantation of material testimony given by her at the trial, and if that had been her final affidavit, a serious question would be presented as to whether denial of the motion constituted an abuse of discretion.

As we understand this third affidavit of September 16, 1965, it is not a recantation of her trial testimony. In essence, it is a statement of additional facts which, in her view, were not revealed or not adequately revealed, at the trial.

Moreover, the new facts in the third affidavit, for the most part, are not material. They tend only to show that Mrs. Strantz was not induced to make the payments to Lindsey because of his misrepresentations, but made the payments for her own independent reasons. In affirming Lindsey's conviction, we held that for a conviction for fraud by mail under 18 U.S.C. § 1343, it is not necessary to show that the payments were made in reliance on his misrepresentations. 332 F.2d at 690.

 In any event, Mrs. Strantz's third affidavit of September 16, 1965, was not her final affidavit. The third affidavit was expressly recanted in her fourth and final affidavit of December 20, 1965. An unrepudiated recantation of trial testimony is not merely impeaching, but is substantial and material evidence (especially when made by a complaining witness), because the new version will presumably be testified to at the new trial. See 8 Moore's Federal Practice 2d Ed., § 33.05, 33–16. But where the recantation has itself been repudiated, as is the case here, the recantation becomes merely impeaching and could be used at a new trial only for the purpose of cross examining the witness, and not as substantive evidence. See Moore, supra, at 33–18; cf. United States v. Troche, 2 Cir., 213 F.2d 401, 403.

Lindsey does not expressly concede that the third affidavit of September 16, 1965, standing alone, is merely impeaching in character. He does argue, however, that her four affidavits, considered together, demonstrate that all her trial testimony is unreliable. This is just another way of saying that Mrs. Strantz's affidavits tend to impeach her trial testimony. If, as we hold, that is the only function they serve, her affidavits do not meet the essential requirement that the newly discovered evidence be not merely impeaching.

In addition to everything that has been said above, the trial court doubtless did not overlook the fact that Mrs. Strantz, who was seventy-five years old when she testified at the trial, was seventy-eight years old when she gave the affidavit of September 16, 1965. This circumstance, taken into consideration with the reasons she gave in her various affidavits for switching back and forth four different times, could well have led the trial court to believe that her trial testimony, tested by cross examination, was probably more

reliable than any she would be likely to give at a new trial sometime in the future.

We have examined the eight other affidavits filed in support of the motion for a new trial, including two affidavits by Lindsey. None of the evidence referred to in Lindsey's two affidavits is newly discovered and most of it is merely cumulative. The evidence set forth in the six other affidavits is partly immaterial and for the most part cumulative. In addition, the trial court could have properly concluded that all of these eight affidavits, considered together, do not refer to evidence which would probably produce an acquittal on a new trial.

The trial court did not abuse its discretion in denying the motion.

Affirmed.