UNITED STATES of America, Plaintiff-Appellee,

v.

Brian CAREY, D.P.M., Defendant-Appellant.

No. 72-1440.

United States Court of Appeals, Ninth Circuit.

March 19, 1973.

John P. Hanrahan, John G. Davies, Los Angeles, Cal., for defendant-appellant.

William D. Keller, U. S. Atty., Eric A. Nobles, Robert C. Bonner, Asst. U. S. Attys., Los Angeles, Cal., for plaintiff-appellee.

Before HAMLEY and WRIGHT, Circuit Judges, and POWELL,* District Judge.

PER CURIAM:

On June 25, 1971, the appellant, a podiatrist licensed under California law, was indicted in a nine-count indictment with violations of 18 U.S.C. § 1001. The indictment alleged offenses on nine different dates and charged the defendant with knowingly making false and fictitious statements to various insurance intermediaries acting as paying agents for the Social Security Administration for Medicare.

Prior to trial the Court dismissed Counts three, eight and nine. The trial commenced November 30, 1971. Following the trial the Court granted the defendant's motion for acquittal as to Counts one and two. After three days' deliberation the jury found the defend-

---

* Honorable Charles L. Powell, Senior United States District Judge for the Eastern District of Washington, sitting by designation.

ant guilty of Counts four and seven but was unable to agree on a verdict as to Counts five and six. The defendant was sentenced and fined $2500 on each of Counts four and seven.

## SUFFICIENCY OF THE EVIDENCE

In 1966 Congress enacted the medical insurance program called Medicare. The overall administration of the program was delegated to the Social Security Administration. That administration entered into contracts with insurance companies to pay the covered medical expenses. Occidental Life Insurance Company and Travelers Insurance Company were two of such "carriers". Medicare claims were submitted by physicians and others on a Request for Medicare Payment, Social Security Form 1490.

Appellant Brian Carey, a doctor of podiatric medicine in Los Angeles, California, submitted requests for medicare payments on Form 1490 to the insurance carriers as charged in Counts four and seven. The claims were for operations on two of his patients, which claims the Government alleged were false. In his brief the appellant argues the evidence in detail and asserts that it was not sufficient to warrant the finding of the jury convicting the appellant on the two counts from which this appeal is taken.

The jury found the appellant guilty on proper instructions. From an examination of the entire record it is determined that the evidence is sufficient to sustain the verdict of the jury. Since the Government is entitled to have the evidence viewed in the light most favorable to it, the verdict must be sustained on appeal. United States v. Knight, 416 F.2d 1181, 1183 (9 Cir. 1969).

## MOTION FOR NEW TRIAL

A motion for new trial based upon newly discovered evidence is addressed to the Court's discretion and must meet certain well recognized requirements. They are enumerated in Lindsey v. United States, 368 F.2d 633, 634 (9 Cir. 1966), cert. denied, 386 U.S. 1025, 87 S.Ct. 1383, 18 L.Ed.2d 465 (1967). The motion here is supported by affidavits. A perusal of them shows that the motion, with its supporting documents, does not meet the requirements of the Ninth Circuit as set forth in the Lindsey case. The evidence offered to support the motion for new trial is cumulative and impeaching. There is no showing of the reason for failure to discover it earlier, or that due diligence was exercised in attempting to discover it for use at the trial. The evidence does not appear to be such as would be likely to produce an acquittal on retrial.

## MOTION FOR ACQUITTAL AS TO COUNTS FIVE AND SIX

The jury was unable to agree on a verdict on Counts five and six. The Court therefore declared a mistrial and continued the trial as to these two counts. The evidence, we find, was sufficient to present the case to the jury. The defendant is attempting to appeal from a portion of the judgment holding the two counts in abeyance pending this appeal. It is not a final and appealable order. The denial of the motion for acquittal is not a final order in this context. United States v. Kaufman, 311 F.2d 695 (2 Cir. 1963).

## MOTION TO DISMISS FOR PRE-INDICTMENT DELAY

The delay complained of by the appellant occurred prior to the filing of the indictment against this appellant. Appellant's reliance on Rule 48 is misplaced. United States v. Marion, 404 U.S. 307, 319, 92 S.Ct. 455, 463, 30 L.Ed. 2d 468 (1971).

"No federal statute of general applicability has been enacted by Congress to enforce the speedy trial provision of the Sixth Amendment, but Rule 48(b) of the Federal Rules of Criminal Procedure, which has the force of law, authorizes dismissal of

an indictment, information or complaint '[i]f there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial . . . .' *The rule clearly is limited to post-arrest situations.*" (Emphasis supplied.)

The *Marion* rule controls here. There is no claim that there was delay in the trial of this action following the filing of the indictment. The defendant's motion was properly denied.

### FAILURE TO INSTRUCT CONCERNING LESSER AND INCLUDED OFFENSE

 We do not agree with the appellant that 42 U.S.C. § 408 defines a lesser and included offense in the offense charged under 18 U.S.C. § 1001. To be necessarily included in the greater offense the lesser offense must be such that it is impossible to commit the greater without first having committed the lesser. The offense must not require some additional element not needed to constitute the greater. Moreover, the lesser offense must be included in, but not be encompassed by, the greater offense. Olais-Castro v. United States, 416 F.2d 1155, 1157 (9 Cir. 1969).

 This contention is not well founded for a further reason. Under Rule 30 F.R.Cr.P. no error may be assigned on appeal unless an exception was taken to the instructions given to the jury or to the failure to give an instruction requested by appellant. No such exception was taken and no instruction was requested by the appellant during the trial setting out the claimed lesser and included offense. See Britton v. United States, 112 U.S.App.D.C. 207, 301 F.2d 531 (1962). See also, Higgins v. Wainwright, 424 F.2d 177, 178 (5 Cir. 1970).

We find no merit in other claims of appellant.

Affirmed.