133 F.3d 929
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Defendant-Appellant.
v.
Gary Victor DUBIN, Defendant-Appellant.
 No. 97-10161.
 United States Court of Appeals, Ninth Circuit.
 Submitted** Dec. 10, 1997.
Decided Jan. 8, 1998.
As Amended on Denial of Rehearing and Rehearing En Banc
March 30, 1998.
 
 Before: BROWNING, PREGERSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The parties are familiar with the factual and procedural history, and we will not recount it here except as necessary to clarify our decision.
 
 
 3
 We affirm the district court's denial of the Defendant's motion to recuse the district court judge, motion for a continuance, and motion for a new trial for the following reasons:
 
 
 4
 1. Denial of a motion for recusal is reviewed for an abuse of discretion. See Mayes v. Leipziger, 729 F.2d 605, 607 (9th Cir.1984).
 
 
 5
 2. A judge is only required to recuse himself for nonextrajudicial reasons "in the rarest circumstances." Liteky v. United States, 510 U.S. 540, 555 (1994).
 
 
 6
 3. Dubin's new allegations of bias do not evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." Id. Accordingly, the district court judge did not abuse his discretion in refusing to recuse himself.
 
 
 7
 4. A district court's decision to deny a request to continue a hearing is reviewed for an abuse of discretion. See United States v. Flynt, 756 F.2d 1352, 1358 amended by 764 F.2d 675 (9th Cir.1985).
 
 
 8
 5. In reviewing whether a district court abused its discretion by denying the continuance, we consider due diligence of the movant, inconvenience to the participants, usefulness of the testimony, and the presence of actual prejudice. See United States v. Mejia, 69 F.3d 309, 314-15 (9th Cir.1995).
 
 
 9
 6. All four factors weigh against Dubin. Dubin failed to bring his witness, James W. Clement, to the hearing. The presiding judge traveled from the Central District of California, Los Angeles to Honolulu to hear Dubin's motion for a new trial. Having presided over the underlying trial, the judge could evaluate first-hand the information contained in Clement's declaration. Lastly, we view Clement's declaration as highly suspect because he failed to timely make known to the court his suspicions of misconduct.
 
 
 10
 7. A district court's denial of a motion for a new trial for prosecutorial or judicial misconduct is reviewed for abuse of discretion. See McClaran v. Plastic Indus., 97 F.3d 347, 359 (9th Cir.1996) (prosecutorial misconduct); United States v. Laurins, 857 F.2d 529, 537 (9th Cir.1988) (judicial misconduct).
 
 
 11
 8. Neither the district judge nor Dubin was aware of any misconduct occurring during the trial. Moreover, the government witness testified under oath at the hearing for the motion for a new trial that she had not been coached, that her trial testimony was her own, and that she was unaware of any misconduct occurring at trial.
 
 
 12
 9. Denial of a motion for a new trial on the ground of newly discovered evidence is reviewed for an abuse of discretion. See Lindsey v. United States, 368 F.2d 633, 636 (9th Cir.1967).
 
 
 13
 10. To warrant a new trial based on newly discovered evidence, the evidence must be newly discovered, material, likely to produce an acquittal, and diligently discovered. See United States v. Walgren, 885 F.2d 1417, 1428 (9th Cir.1989).
 
 
 14
 11. Dubin waited two years to inform the district court that Clement retrieved the wrong files during his trial and to raise his accusation of coaching. As such, Dubin failed to exercise due diligence on either claim.
 
 
 15
 12. We need not address Dubin's claims regarding due process, indictment procedures, and federal tax code interpretations as these issues were disposed of in the earlier appeal. See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985) (per curiam). AFFIRMED.
 
 
 
 **
 This disposition is appropriate for submission without oral argument
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3