**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sofiane LAIMECHE, aka Marcello Scutari, Defendant–Appellant.**

**No. 02–10253.**

**D.C. No. CR–01–01014–JAT.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2003.

Decided March 3, 2003.

Before CANBY, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

MEMORANDUM*

Sofiane Laimeche appeals the district court's denial of his motion to dismiss multiplicitous counts.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We review de novo the district court's denial of a motion to dismiss allegedly multiplicitous counts. *See United States v. Castaneda*, 9 F.3d 761, 765 (9th Cir.1993), *overruled on*

Although Counts 1 and 2 both charge Laimeche with violating 42 U.S.C. § 408(a)(7)(B), the counts are not multiplicitous because each count requires proof of a different set of facts. *See Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *United States v. Garlick*, 240 F.3d 789, 793–94 (9th Cir.2001). Counts 1 and 2 are factually distinct in date and document. *See, e.g., United States v. Kennedy*, 726 F.2d 546, 548 (9th Cir.1984) (holding that separate sentences may be imposed for each false document submitted to a bank in violation of 18 U.S.C. § 1014); *United States v. Moore*, 653 F.2d 384, 391 (9th Cir.1981)(stating that calls on different days to the same person are separate acts in violation of 18 U.S.C. § 201(e)).

Counts 3 and 5 are not multiplicitous because, although they both charge Laimeche with violating 18 U.S.C § 1001, each count requires proof of a different set of facts. The false statements alleged in each count were contained in different documents, *see United States v. Bennett*, 702 F.2d 833, 835 (9th Cir.1983), and concerned different matters within the jurisdiction of the United States. *See United States v. Olsowy*, 836 F.2d 439, 442 (9th Cir.1987) (noting that a false statement made to the Treasury Department and a false statement made to the Secret Service are separate offenses, even though they concern the same subject matter).

Counts 2 and 3 are not multiplicitous because § 408(a)(7)(B) and § 1001(a)(2) each require proof of a legal element that the other does not. *See Blockburger*, 284 U.S. at 304; *United States v. Solomon*, 753 F.2d 1522, 1527–28 (9th Cir.1985), *superseded on other grounds by Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311 *other grounds by United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000).

(9th Cir.1995). Although both § 1001 and § 408 require proof of a false statement, § 1001(a)(2) requires the falsity to be material to a matter within the jurisdiction of the United States, while § 408 does not. Section 408(a)(7)(B) requires false representation of a social security number, while § 1001 does not. *See United States v. Carey*, 475 F.2d 1019, 1022 (9th Cir.1973) (stating that § 408 is not a lesser included offense within § 1001).

The judgment of the district court is AFFIRMED.