**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | No. 10-30347 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00179-RHW-5 |
| v. | |
| **VIRGIL L. BURRIS, AKA Kooka**, | **MEMORANDUM**<sup>*</sup> |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Robert H. Whaley, Senior District Judge, Presiding

Submitted October 13, 2011<sup>**</sup>
Seattle, Washington

Before:   **KOZINSKI**, Chief Judge, **PAEZ**, Circuit Judge, and **COLLINS**,
District Judge.<sup>***</sup>

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Raner C. Collins, District Judge for the U.S. District
Court for Arizona, sitting by designation.

One requirement for getting a new trial based on newly discovered evidence is that "the new evidence must not be merely cumulative or impeaching." Lindsey v. United States, 368 F.2d 633, 634 (9th Cir. 1966); see United States v. Kulczyk, 931 F.2d 542, 549 (9th Cir. 1991). Burris presents Swan's recantation, but Swan has repudiated his recantation. "[W]here the recantation has itself been repudiated, . . . the recantation becomes merely impeaching and could be used at a new trial only for the purpose of cross examining the witness, and not as substantive evidence." Lindsey, 368 F.2d at 636. This case does not present a rare exception where impeachment evidence alone might support a new trial, see United States v. Davis, 960 F.2d 820, 825 (9th Cir. 1992), because other witnesses corroborated aspects of Swan's trial testimony.

**AFFIRMED.**