Gerald Glen BOYDEN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22135.

United States Court of Appeals
Ninth Circuit.

Feb. 5, 1969.

Gerald Glen Boyden, pro. per.

William M. Byrne, U. S. Atty., Los Angeles, Cal., Robert L. Brosio, Ronald S. Morrow, Asst. U. S. Attys., Los Angeles, Cal., for appellee.

Before MADDEN*, Judge of the United States Court of Claims; BARNES and ELY, Circuit Judges.

PER CURIAM:

The appellant was convicted in the United States District Court of the robbery of a national bank, and was sentenced on April 5, 1965, to prison for 15 years. He appealed that conviction to this court, which affirmed the conviction. Boyden v. United States, 363 F.2d 551 (1966). On July 7, 1967, he filed a petition in the district court in which he had been convicted, requesting

* Senior Judge, The United States Court of Claims, sitting by designation.

that court to vacate the judgment of conviction, and the sentence. His petition was based upon Title 28, United States Code, Section 2255.

In his petition, Boyden stated, as reasons why he was entitled to the relief which he sought:

"1) The record reveals that petitioner was compelled to attend a police line-up following arrest where he was identified as the bank robber by two employees of the bank in question, and where petitioner was deprived of legal representation both during and before said line-up;

2) The two bank employees subsequently identified the petitioner in the courtroom at trial, but said witnesses founded their courtroom identification entirely upon the visual examination of petitioner at the police line-up which took place in the absence of defense counsel;

3) The United States Supreme Court has held such line-up identifications in the absence of counsel to be lawless. Such procedure was deemed unconstitutional for two reasons, viz: (a) it *forces* a defendant to be a witness against himself and furnish a link in the chain of evidence needed to convict him; and (b) it deprives a defendant of legal assistance and advice at a crucial moment. United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149; Gilbert v. United States, 388 U.S. 922, 87 S.Ct. 212, 18 L.Ed.2d 1370."

The district court denied the appellant's petition. The court said:

"The petitioner, moving pursuant to Title 28 U.S.C. § 2255, seeks an order vacating the judgment of conviction and the sentence imposed thereon on April 5, 1965, upon the grounds that he was compelled to attend a police line-up following his arrest, where he was identified in the absence of his appointed counsel, and that the witnesses identifying him at the time of the trial to a large measure based their identification upon their pretrial identification of the petitioner in the line-up.

He bases his contention upon United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. United States, 388 U.S. 922, 87 S.Ct. 2123, 18 L.Ed.2d 1370. Whatever merits there may be to petitioner's contention, and it is not intended to concede that there be any, does not entitle him to the relief he seeks since the rule enunciated by United States v. Wade and Gilbert v. United States is not to be applied retroactively. Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 June 12, 1967.

Petitioner's motion is, therefore, denied.

Dated this 7th day of July, 1967.

/s/ Jesse W. Curtis
JESSE W. CURTIS
United States District Judge"

The decision of the district court was right, for the reason given by that court. There was no occasion for an evidentiary hearing, because the court assumed the facts stated in the plaintiff's petition to be true.

In his appeal the appellant raises questions not presented to the district court. He is not entitled to this court's decision of those questions. Standley v. United States, 318 F.2d 700 (CA 9, 1963), cert. den. 376 U.S. 917, 84 S.Ct. 673, 11 L.Ed.2d 613 (1964), rehearing denied 376 U.S. 967, 84 S.Ct. 1126, 11 L.Ed.2d 984 (1964). We do, nevertheless decide them. In addition to the appellant's allegations in his petition to the district court, the appellant in his brief in this court states that at his police line-up "he was placed with a group of other suspects extremely dissimilar to appellant in regard to height and weight and appearance * * *." We think that in an ordinary police line-up made up of such persons as are available for the purpose, there would be persons to which the vague and general expression "extremely dissimilar * * * in height and weight and appearance", from others in the line-up

could be used. But in the absence of any citation of particulars as to the "extremeness" of the dissimilarity, we would, in effect be outlawing all line-ups such as are, in fact, used by police as a method of obtaining identifications, if we were to hold upon the appellant's vague allegations, that his line-up was unlawful.

 The appellant complains, in his brief in this appeal, that at the line-up, he "was forced to wear clothing provided by the police, such clothing having allegedly been used during the actual bank robbery. Hence while disguised in the bank robber's clothing, such as a painter's cap and navy blue jacket, etc., appellant was forced to parade back and forth before the accusing witnesses. He was compelled to utter such statements as 'This is a stick-up!' 'Put the money in a bag! etc.'" As to the words "forced" and "compelled" in the foregoing quotation, it is not suggested that any physical force was used by the police. What appellant's language means is that he was directed or ordered by the police to do the things which he mentions. If so, we have it on the highest authority that he was not ordered by the police to do anything that he had a constitutional privilege not to do. In United States v. Wade, 388 U.S. 218, 222, 87 S.Ct. 1926, 1930, 18 L.Ed.2d 1149, the Court said: "Similarly, compelling Wade to speak within hearing distance of the witnesses, even to utter words purportedly uttered by the robber, was not compulsion to utter statements of a 'testimonial' nature; he was required to use his voice as an identifying physical characteristic, not to speak his guilt." Earlier in the same opinion, at page 222, at page 1930 of 87 S.Ct., the Court, discussing its opinion in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908, said "It is no different from compelling Schmerber to provide a blood sample or Holt to wear the blouse * * *." The reference is to Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021 (1910), in which the opinion was written by Mr. Justice Holmes.

The denial of the assistance of counsel at the appellant's preliminary hearing was considered and treated in the opinion of this court in Boyden v. United States, 363 F.2d 551, 554.

The order of the district court denying the appellant's petition is affirmed.