**William Keith FLINT, Petitioner-Appellant,**

**v.**

**UNITED STATES of America, Respondent-Appellee.**

**No. 25155.**

United States Court of Appeals, Ninth Circuit.

Jan. 27, 1971.

**446**

William Keith Flint, in pro. per.

Richard K. Burke, U. S. Atty., Tucson, Ariz., for respondent-appellee.

Before HAMLEY, ELY and WRIGHT, Circuit Judges.

PER CURIAM:

Flint appeals from the denial by the district court without hearing of his petition to vacate his sentence under 28 U.S.C. § 2255. We affirm.

Flint was indicted on six counts involving theft from the mails and forged indorsement of several U.S. Treasury checks. He entered a guilty plea on one count of the indictment charging possession of stolen mail matter in violation of 18 U.S.C. § 1708. The other counts of the indictment were dismissed. The district court's order of judgment and commitment correctly recited that Flint had entered a guilty plea on this particular count but erroneously recited that he had also pleaded guilty on another count involving violation of 18 U.S.C. § 495 (forgery of U.S. Treasury check).

In his § 2255 petition filed in the district court, appellant's only ground for challenging the judgment and sentence dealt with the error referred to above. In response to the petition, the district court entered an amended judgment and commitment order which properly reflected that appellant had entered his guilty plea as to only one count. The petition was thereafter dismissed without hearing.

It is thus clear that the sole error urged in his petition has now been cured by the amended order. In his appeal to this court, however, Flint raises numerous issues concerning the evidence against him, the nature of his arrest and the period during which he was allegedly held in confinement without filing of formal charges against him. None of these contentions was raised in his petition to the district court and we cannot, therefore, consider them on appeal. *See, e. g.,* Boyden v. United States, 407 F.2d 140 (9th Cir. 1969); Hunter v. United States, 405 F.2d 1187 (9th Cir. 1969).

In any event all questions pertaining to the sufficiency of the evidence, the nature of his arrest, and the like, became moot as soon as Flint pleaded guilty.

Affirmed.