Robert S. EGGER, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 74–2196.

United States Court of Appeals,
Ninth Circuit.

Jan. 2, 1975.

Robert S. Egger, in pro. per.

Stan Pitkin, U. S. Atty., Seattle, Wash., for respondent-appellee.

Before WRIGHT and CHOY, Circuit Judges, and BURNS *, District Judge.

## OPINION

BURNS, District Judge:

Egger appeals from a denial of his motion to vacate sentence brought under 28 U.S.C. § 2255. Appellant, a practicing attorney, was convicted of receiving and possessing money stolen in a bank robbery as prohibited by 18 U.S.C. § 2113 and of conspiring to do so in violation of 18 U.S.C. § 371. His conviction was affirmed in United States v. Egger, 470 F.2d 1179 (9th Cir. 1972); cert. denied, Egger v. United States, 411 U.S. 954, 93 S.Ct. 1931, 36 L.Ed.2d 416 (1973).

Appellant raises five separate issues by this appeal:

1. Did the District Court err in holding that any violations of Appellant's Fifth Amendment privilege against self-incrimination constituted harmless error beyond a reasonable doubt?

2. Did the Court err in ruling that Appellant's absence from side-bar conferences between Court and counsel did not violate F.R.Crim.P. 43 or Appellant's

* Honorable James M. Burns, United States District Judge, District of Oregon, sitting by designation.

Sixth Amendment right to be present at the critical stages of his trial?

3. Did the Court err in finding no evidence of prosecutorial misconduct sufficient to constitute a denial of Appellant's Fifth Amendment right to Due Process?

4. Did the Court err in ruling that Jury Instruction Number 26 was not plain error?

5. Did the Court err in holding that Appellant's Sixth Amendment right of confrontation regarding a witness' present address and her use of aliases had been waived by his failure to question her regarding these subjects during the trial?

We find merit in none of these issues.

### 1. "No Comment" and the Fifth Amendment

During the trial Egger's attorney failed to object to the errors complained of and thereby preserve them for appeal. Appellant correctly reminds us, however, that despite this failure by his attorney, a defendant is entitled to collaterally attack those errors that are constitutionally harmful through a § 2255 motion, providing he did not knowingly waive his right to object to them as a defendant during his trial. Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969); cf. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963). He further reminds us that before a Federal constitutional error may be considered harmless, the Government must demonstrate beyond a reasonable doubt that the error complained of did not contribute to the defendant's conviction. Chapman v. State of California, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). We are convinced that the Government has met this burden.

Before his arrest, Appellant was interviewed by two FBI agents who advised him of his right to remain silent. He agreed to this interview, but reserved the right to answer selectively. He answered "no comment" to the very first question concerning his possession or knowledge of bank money stolen by one of his clients, as well as to several other questions. During his trial, one of the agents was permitted to testify to these "no comment" responses. On cross-examination the United States Attorney was allowed to ask Appellant to explain his reasons for answering "no comment." Appellant believes that these references to his silence when accused constitute an infringement of his constitutional privilege against self-incrimination.

Appellant's failure to object to these abuses during the trial operates as a waiver of the privilege itself. Laughlin v. United States, 411 F.2d 1224 (9th Cir. 1969). However, the District Court chose to extend the doctrine of Kaufman v. United States, supra, and allowed these errors to be raised through a § 2255 motion. We agree with the Court's finding that:

> ". . . considering the quality and substantial quantity of credible evidence adduced at the trial, the testimony concerning the 'no comment' answers was harmless beyond a reasonable doubt. . . ."

Appellant was thoroughly implicated by the testimony of witnesses other than the FBI agents. His own testimony effectively answered each of the three questions to which he had earlier replied "no comment." The error, if any, arising from comment upon these responses was constitutionally harmless.

### 2. Side-Bar Conferences and the Sixth Amendment

Appellant complains that his absence during the trial from side-bar conferences between the Court and counsel for both sides constitutes a violation of Rule 43 F.R.Crim.P. and the Sixth Amendment. However, Egger never asked to attend any of these side-bar conferences nor was he prevented from doing so. He was, in fact, physically present throughout the trial, which is all that Rule 43 and the Sixth Amendment would seem to require. Any greater "right to be present" was effectively waived by Egger's failure to request it.

■ Appellant relies upon Stein v. United States, 313 F.2d 518 (9th Cir. 1962) to support his contention that a defendant's absence from side-bar conferences can be prejudicial, and uses the rationale of Kaufman v. United States, *supra,* as a basis for raising this issue in a § 2255 motion. *Stein* requires that before this absence will constitute prejudicial error, "The presence of a defendant must bear a reasonably substantial relationship to the opportunity to defend." *Supra,* p. 522. After a careful review of the record, the *Stein* panel concluded that there had been no prejudice to the defendant. We are of a like opinion regarding the Appellant. Egger was represented at trial by an experienced criminal defense attorney with a reputation for responsibility and effectiveness. In each of the significant side-bar conferences from which Appellant was absent, counsel for defense argued strongly and effectively on Appellant's behalf whenever his rights as a defendant were threatened. Egger's presence would have added nothing substantial to his opportunity to defend. No error resulted from his absence; in any event, any error appropriately raised under the *Kaufman* rationale was constitutionally harmless as required by Chapman v. State of California, *supra.*

### 3. Prosecutorial Misconduct Claim

■■ Appellant points to several actions by the United States Attorney which he believes are constitutionally prohibited misconduct. None were objected to at trial, and each is grounds for relief only if it may be raised in a § 2255 motion as permitted by *Kaufman, supra.* Appellant believes that the cross-examination of his character witness as to prior arrest and acquittal of Appellant, was prejudicially improper because it affected his credibility before the jury. Cross-examination of a defendant's character witness as to the arrest of the defendant is permissible in order to test the sufficiency of the witness' knowledge as to the defendant's good reputation in the community. McCowan v. United States, 376 F.2d 122, 124 (9th Cir. 1967); *see*

Michelson v. United States, 335 U.S. 469, 69 S.Ct. 213, 93 L.Ed. 168 (1948). The United States Attorney's cross-examination satisfied this standard. It included a reference to Appellant's acquittal as well as to his arrest. Its acceptance by the trial judge involved no abuse of discretion and produced no reversible error.

■ Appellant argues that permitting a witness to refresh her recollection from notes taken from an unintelligible tape recording of a conversation between herself and Appellant was improper. This issue was raised on appeal and found unworthy of discussion. United States v. Egger, *supra,* 470 F.2d at 1182. Issues raised at trial and considered on direct appeal are not subject to collateral attack under 28 U.S.C. § 2255. Clayton v. United States, 447 F.2d 476 (9th Cir. 1971); Jordan v. Richardson, 443 F.2d 32 (9th Cir. 1971).

■ Appellant argues, however, that his § 2255 motion raises a separate aspect of this question not considered on direct appeal. We are unable to grasp Appellant's distinction between a general objection to a witness' use of such tape recording to refresh her memory and a specific objection to their use as it affects the Appellant. Grounds which were apparent on original appeal cannot be made the basis for a second attack under § 2255. Medrano v. United States, 315 F.2d 361, 362 (9th Cir. 1963).

■ Appellant's third objection is to two alleged violations by the United States Attorney of a court order regarding sequestration of a government witness. The trial court considered both incidents and ruled that neither had violated its sequestration ruling. No objection to these rulings was made at trial. There is no evidence of harmful error sufficient to sustain § 2255 relief under the rationale of *Kaufman.*

■ Appellant's final claim of prosecutorial misconduct concerns his own cross-examination. He objects to a number of tactics used by the United States Attorney to discredit him as a witness. No objection to these tactics was offered

at trial. The District Court, relying upon Alford v. United States, 282 U.S. 687, 51 S.Ct. 218, 75 L.Ed. 624 (1931), found nothing improper in the prosecutor's vigorous cross-examination of Appellant and denied § 2255 relief. "The extent of cross-examination with respect to an appropriate subject of inquiry is within the sound discretion of the trial court." Alford, supra, at 694, 51 S.Ct. at 220; Smith v. State of Illinois, 390 U.S. 129, 132, 88 S.Ct. 748, 19 L.Ed.2d 956 (1968). Absent plain abuse of the Court's discretion on the latitude of cross-examination, there is no reversible error. Young Ah Chor v. Dulles, 270 F.2d 338, 342 (9th Cir. 1959).

### 4. Instruction on Guilty Intent

Appellant also argues that Jury Instruction Number 26 was improper.[1] Appellant failed to object to this instruction and his attorney expressly agreed to it. Appellant's contention that defense counsel was effectively prohibited from objecting to Instruction 26 is not supported by the record. Under Rule 30 F.R.Crim.P. no error may be assigned on appeal unless an exception was taken to the instructions given to the jury. United States v. Carey, 475 F.2d 1019, 1022 (9th Cir. 1973).

 Appellant believes that despite his failure to object, Kaufman, supra, allows him to seek § 2255 relief. The District Court refused to accept this argument. Collateral relief is not available to set aside a conviction on the basis of erroneous jury instructions unless the error had such an effect on the trial as to render it so fundamentally unfair that it constitutes a denial of a fair trial in a constitutional sense. Lorraine v. United States, 444 F.2d 1 (10th Cir. 1971). A court may instruct a jury as to the special interests of a defendant's own testimony, as it did here. United States v. Tyers, 487 F.2d 828, 831 (2nd Cir. 1973); Louie v. United States, 426 F.2d 1398, 1402 (9th Cir. 1970). Applying Kaufman, Instruction 26 produces no constitutional unfairness that justifies § 2255 relief.

### 5. Address and Alias of Witness and the Sixth Amendment

 Appellant contends that his constitutional right of confrontation was impaired when he was denied an opportunity at trial to elicit the present address and recent aliases of the Government's chief witness. His purpose was to challenge the credibility of this witness by placing her in her proper setting. Since the question of recent aliases was not raised in Appellant's original § 2255 motion, we need not consider it here. Boyden v. United States, 407 F.2d 140 (9th Cir. 1969). Regarding the witness' present address, Appellant waived his right to this information by failing to ask for it during the trial. Appellant suggests, however, that this failure was the result of a side-bar agreement to which Appellant was not a party. He seeks an evidentiary hearing to establish whether or not such an agreement existed and resulted in prejudice.

 Appellant's § 2255 motion was reviewed by the original trial judge who would himself have been a party to the agreement alluded to by the Appellant. In denying the request for relief, the Court failed to mention any such agree-

---

1. "The court has received certain evidence presented by the defendant, Robert S. Egger, of a number of statements purported to be made by him between August 1970, and April 1971, concerning the money located in the Yakima safe deposit box, and his refusal to accept stolen money as a fee for his services. Such testimony normally is not received during a trial of this nature for the reason it is considered to be hearsay and self-serving, that is, an individual purposely may make statements to others in order later to have such testimony available for his defense.

"You must view this testimony with caution and weigh it carefully in the light of all the other evidence in the case, and you must disregard it entirely if convinced that defendant Egger made these statements for self-serving purposes. However, if not so convinced, you may consider these statements, together with all the other evidence, to whatever extent you find them to be of value upon the issue of defendant Egger's intent to commit the crimes charged in the indictment."

ment. Furthermore, if an agreement existed, the extent of cross-examination of this witness was clearly within the sound discretion of the trial court. *Alford, supra,* 282 U.S. at 694, 51 S.Ct. 218; *Smith, supra,* 390 U.S. at 132, 88 S.Ct. 748. Appellant suggests that the motive for limiting cross-examination of this witness was the Court's belief that disclosure of her address would endanger her safety. Alston v. United States, 460 F.2d 48 (5th Cir. 1972), upon which Egger relies, requires a witness to normally answer all questions regarding his or her background. *Alston* recognizes exceptions, however, including those situations where the physical safety of the witness or her family might be endangered by such a disclosure, ibid., at 52. United States v. Marti, 421 F.2d 1263, 1266 (2nd Cir. 1970); see *Smith, supra,* 390 U.S. at 134, 88 S.Ct. 748 (Mr. Justice White, concurring). If, in fact, the Court chose to protect this witness through an informal agreement with counsel as the Appellant claims, his decision to limit cross-examination in this manner was within the exception created by *Alston, supra,* and would not have been prejudicial to the Appellant.

The District Court's denial of Appellant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 is affirmed.