98 F.3d 1347
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William E. HARVEY, Defendant-Appellant.
 No. 95-35712.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 7, 1996.*
Decided Oct. 10, 1996.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William E. Harvey appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his guilty plea conviction and 188-month sentence for three counts of distribution of methamphetamine in violation of 21 U.S.C § 841(a)(1) and 18 U.S.C. § 2. Harvey contends that: (1) his plea was involuntary because the government failed to furnish him with exculpatory information; (2) the court was not informed of the contingent nature of the plea agreement; (3) the district court and the government breached the plea agreement; (4) the government improperly obtained his guilty plea through coercion; (5) the district court erred by not requiring the government to prove relevant conduct by a preponderance of the evidence; (6) the district court imposed its sentence on the basis of ex parte communications between the court and the government; and (7) the district court erred by failing to hold an evidentiary hearing.[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Harvey's section 2255 motion, Frazer v. United States, 18 F.3d 778, 781 (9th Cir.1994), and affirm.
 
 
 3
 In his direct appeal to this court, Harvey raised contentions (1)-(5), and we expressly rejected them. Therefore, we will not again review those claims on this appeal. See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985) (per curiam); Egger v. United States, 509 F.2d 745, 748 (9th Cir.), cert. denied, 423 U.S. 842 (1975).
 
 
 4
 Harvey contends that the government's sealed filing of an in camera supplemental brief was an improper ex parte communication between the government and the district court and that the ex parte communication biased the district court against Harvey.
 
 
 5
 This contention is not supported by the record. There is no indication in the record that the district court based any of its judgments on the information contained in the government's supplemental brief. Additionally, based on our review of the document in question, nothing contained in the document is of any relevance to the district court's decision regarding Harvey. Thus, Harvey's claim is without merit.
 
 
 6
 Because Harvey's claims are without merit, the district court did not abuse its discretion by failing to hold an evidentiary hearing regarding his claims. See Quintero v. United States, 33 F.3d 1133, 1135 (9th Cir.1994) (stating that evidentiary hearing need not be granted when movant's allegations do not state claim for relief).
 
 
 7
 Accordingly, we affirm the district court's judgment.[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Harvey's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Harvey attempts to raise numerous additional claims in the 62-page addendum to his brief. Because Harvey, through an improper use of an addendum to his brief, attempts to circumvent the rule regarding the maximum length of an appellant's opening brief, we will not consider the claims raised in the addendum. See Fed.R.App.P. 28(g); 9th Cir.R. 28-2.7
 
 
 [2]
 Because we affirm the district court's denial of Harvey's motion under the former version of 28 U.S.C. § 2255, we do not address the applicability of the Antiterrorism and Effective Death Penalty Act of 1996 to this appeal
 
 
 [3]
 We deny Harvey's Motion for Leave to Expand Record on Appeal