103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
JoAnn OMECTIN, Defendant-Appellant.
 No. 95-56339.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 5, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 JoAnn Omectin, a federal prisoner, appeals pro se the district court's denial of her 28 U.S.C. § 2255 motion. Omectin contends that: (1) the district court erred by refusing to grant her a downward departure based on her tragic childhood and lack of youthful guidance; (2) the district court erred when it sentenced her as a career offender; and (3) she received ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo a district court's decision on a section 2255 motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 Omectin contends that the district court erred by refusing to depart downwards based on her tragic childhood and youthful lack of guidance.[1] We expressly rejected this claim in Omectin's direct appeal. See United States v. Omectin, No. 92-50748 (9th Cir. Nov. 18, 1993) (unpublished memorandum disposition). Accordingly, we will not review that claim in this appeal. See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985) (per curiam); see also Egger v. United States, 509 F.2d 745, 748 (9th Cir.1975).
 
 
 4
 Omectin contends that the district court erred by sentencing her as a career offender because: (1) her crime of conviction was not a "crime of violence" for purposes of U.S.S.G. § 4B1.1; (2) the court improperly relied upon a prior state conviction; and (3) the court relied upon false sentencing information in determining she was a career offender. Omectin has waived these claims of non-constitutional sentencing error by failing to raise them in her direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1994).
 
 
 5
 Finally, Omectin contends her trial counsel was ineffective for failing to challenge the district court's application of the career offender provision, failing to warn her she could be sentenced as a career offender, and failing to object to incorrect portions of the presentence report.[2] She also contends that appellate counsel was ineffective for failing to raise these issues on direct appeal. These contentions lack merit because Omectin cannot show prejudice. See Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 
 6
 First, contrary to her assertions, her instant bank robbery conviction and her two prior bank robberies qualify as "crime[s] of violence" for career offender purposes. See U.S.S.G. § 4B1.2, comment n. 2. Second, there is no prohibition against using state felony convictions to classify a defendant as a career offender. See U.S.S.G. § 4B1.1. Omectin's contention that she was never told she could be sentenced as a career offender is belied by the record; she was expressly informed of the possibility in her plea agreement. Finally, the record belies Omectin's contention that the sentencing court was presented with false information regarding her criminal history. Omectin is mistaken when she alleges defense counsel told the court Omectin had been convicted of manslaughter at age 17. The sentencing transcript shows that Omectin's counsel was at that moment discussing the criminal history of a defendant from a published case he considered relevant. With regard to Omectin's challenges to the presentence report, she has failed to identify any inaccuracies that would have any bearing on her sentence. Accordingly, because Omectin has failed to show prejudice, her ineffectiveness claim was properly rejected by the district court. See Strickland, 466 U.S. at 697; see also Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir.1989) (applying same standard to appellate representation).[3]
 
 AFFIRMED.[4]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Omectin's request for oral argument is denied. In addition, because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In her section 2255 motion, Omectin adds as separate grounds for departure her drug use and the claim that her criminal history overrepresents the seriousness of her criminal history. Apart from these new headings, however, there is no difference between these claims and her contention that her tragic childhood warranted a downward departure; the supporting factual allegations and arguments are the same
 
 
 [2]
 We do not consider Omectin's contention, raised for the first time in her reply brief, that counsel was ineffective for failing to seek a downward departure based on the "relatively benign nature" of her conduct during the bank robbery. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986) (claims raised for the first time in reply brief are deemed waived)
 
 
 [3]
 On appeal, Omectin contends that defense counsel told her she would receive a maximum sentence of ten years. Because Omectin did not present this contention to the district court, we will not consider it here. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993) (failure to present issues to district court precludes appellate review of those issues)
 
 
 [4]
 Omectin's request to file a late reply brief is granted and her reply brief is ordered filed