103 F.3d 143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benjamin Ifeanyi UBA, Defendant-Appellant.
 No. 96-55580.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 2, 1996.*
Decided Dec. 06, 1996.
 
 Before: SNEED, TROTT, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Benjamin Ifeanyi Uba appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his conviction and sentence. Uba contends that: (1) the district court violated Rule 11; (2) his guilty plea was the product of ineffective assistance of counsel; (3) his sentence was the product of ineffective assistance of counsel; (4) the district court increased his offense level based on its erroneous finding that he played a managerial role in the offense; (5) the government breached the plea agreement by failing to request a departure under U.S.S.G. § 5K1.1; (6) the district court erred by failing to grant his motion for substitution of counsel; (7) the government did not comply with U.S.S.G. § 1B1.3 with regard to the quantity of drugs that should have been attributed to him; (8) the district court should have applied the safety valve provision in determining his sentence; and (9) he did not have the opportunity to review or object to his presentence report ("PRS").[1] We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2255. We review de novo the district court's denial of Uba's motion, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and affirm.
 
 
 3
 Uba contends that the district court violated Fed.R.Crim.P. 11(e)(2) by failing to advise him that he could not withdraw his guilty plea if the government failed to file a motion requesting a downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. Because neither Rule 11(e)(2) nor U.S.S.G. § 5K1.1 requires a district court to inform a defendant that he cannot withdraw his plea if the government fails to file a substantial assistance motion, Uba's claim is without merit. See Fed.R.Crim.P. 11(e)(2); U.S.S.G. § 5K1.1.
 
 
 4
 Uba contends that his guilty plea was the involuntary product of his initial counsel's ineffective assistance, and that counsel induced him to plead guilty by telling him that he had secured a lenient sentence for him.
 
 
 5
 Where a defendant enters a guilty plea upon the advice of counsel, the voluntariness of the plea depends on whether the defendant received effective assistance of counsel. See Hill v. Lockhart, 474 U.S. 52, 56-57 (1985). In order to prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Hill, 474 U.S. at 57. "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.
 
 
 6
 Here, Uba provides nothing more than bald assertions that his counsel was ineffective. Accordingly, he has failed to make the requisite showing that his counsel's performance affected the voluntariness of his plea. See id.
 
 
 7
 Uba contends that his counsel at resentencing provided ineffective assistance because: he did not object to the PSR; he failed to investigate; he did not present an argument regarding the correct amount of drugs; and he did not demand a sentence at the low end of the guidelines. If it is possible to dispose of an ineffective assistance of counsel claim on the ground of lack of sufficient prejudice, we may do so without examining the performance prong. See Strickland, 466 U.S. at 697. Because Uba has failed to show that he was in any way prejudiced by his resentencing counsel's alleged deficiencies, his ineffectiveness claim is without merit. See id.
 
 
 8
 Uba has previously raised his fourth, fifth, and sixth claims on direct appeal, and this court rejected them. Accordingly, we will not review them again in this collateral proceeding. See United States v. Redd, 759 F.2d 699, 700-01 (9th Cir.1985) (per curiam); Egger v. United States, 509 F.2d 745, 748 (9th Cir.1975).
 
 
 9
 We generally will not review nonconstitutional claims of sentencing error when a defendant has not raised them on direct appeal. See United States v. Schlesinger, 49 F.3d 483, 485 (9th Cir.1995). Accordingly, we will not review Uba's seventh and eighth claims. See id.
 
 
 10
 Because Uba did not raise his ninth claim in his section 2255 motion, we will not consider it here. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Bacause we affirm the district court's judgment under the former 28 U.S.C. § 2255, we do not address the applicability of the Antiterrorism and Effective Death Penalty Act of 1996 to this appeal
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his reply brief, Uba appears to raise a claim that the government is withholding from him information about an informant. We will not address this claim because Uba did not raise it in his opening brief. See United States v. Birtle, 792 F.2d 846, 848 (9th Cir.1986)