127 F.3d 1107
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Eric Vongrastic LOGAN, Defendant-Appellant.
 No. 96-56278.
 United States Court of Appeals, Ninth Circuit.
 Submitted October 20, 1997.**
Oct. 24, 1997.
 
 Appeal from the United States District Court for the Southern District of California William B. Enright, District Judge, Presiding
 Before THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Federal prisoner Eric Vongrastic Logan appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction for bank robbery in violation of 18 U.S.C. §§ 2113(a) & 2. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo the district court's denial of a section 2255 motion. See Frazer v. United States, 18 F.3d 778, 781 (95th Cir.1994). We affirm
 
 A. Reference to Disability
 
 3
 Logan contends that the trial court denied his right to equal protection when the court referred to his disability in making an evidentiary ruling. This contention lacks merit.
 
 
 4
 Before trial, defense counsel argued that Logan's prior bank robbery conviction should not be admitted because it was too prejudicial under Fed.R.Evid. 403. Defense counsel argued that the prior conviction did not constitute evidence of modus operandi under Fed.R.Evid. 404(b) because in the prior robbery Logan had been the person who walked into the bank and demanded money, whereas in the robbery at issue Logan was alleged to have driven the getaway car. In rejecting counsel's argument the court recognized that because of Logan's physical disability he was not physically able to walk into the bank in the second robbery.[1] However, the judge suggested that the prior conviction was admissible as evidence of knowledge and intent.[2] The court's reference to Logan's disability in this context was not prejudicial and did not violate Logan's right to equal protection. See United States v. Sanchez-Lopez, 879 F.2d 541, 553 (9th Cir.1989) (stating that judge's comments must have affected the outcome of a trial or defendant' § substantial rights to warrant reversal)
 
 B. Prosecutorial Misconduct
 
 5
 Logan contends that during closing argument the prosecutor improperly attacked the credibility of Logan's alibi, referred to Logan's prior robbery conviction, and offered her opinion on the credibility of Logan's story based on his disability. Logan's counsel did not raise these objections at trial.
 
 
 6
 A petitioner is entitled to collaterally attack errors not objected to by his attorney if those errors are constitutionally harmful. See Egger v. United States, 509 F.2d 745, 747-48 (9th Cir.1975). A prosecutor is free to argue reasonable inferences based on the evidence. See United States v. Molina, 934 F.2d 1440, 1445 (9th Cir.1991). It may be reasonable for a prosecutor to infer that one side is lying in a case where there are two conflicting stories. See id.
 
 
 7
 Here, in rebuttal closing argument, the prosecutor pointed to various inconsistencies between the testimony of Logan and his alibi witness. The prosecutor's attack on the alibi's credibility was based on reasonable inferences from the evidence and hence were not improper. See id. Likewise, the prosecutor's reference to Logan's prior robbery conviction to show Logan's experience as a bank robber constituted a reasonable inference from the evidence. See id.
 
 
 8
 Logan's contention regarding the prosecutor's comments on his disability is not borne out by the record. Specifically, Logan refers to the prosecutor's argument on rebuttal, that contrary to Logan's testimony, it was more reasonable that Logan never got out of the car after the bank robbery, and that that would explain the fact that the F.B.I. agent found the money tucked under Logan's leg when he was arrested. The prosecutor's argument constituted a reasonable inference from the evidence. See id. Logan's argument that given his paraplegic condition, it was not unreasonable for him to keep the money tucked under his leg when exiting and entering the car, does not render the prosecutor's inference unreasonable. Accordingly, Logan failed to show that the prosecutor's comments amounted to misconduct or constitutional error. See Egger, 509 F.2d at 747-48.
 
 C. Ineffective Assistance of Counsel
 
 9
 Logan does not raise on appeal the claims of ineffective assistance of counsel raised in the district court. Rather, for the first time on appeal, Logan formulates a new claim regarding counsel's failure to prepare for trial, including preparing Logan to testify and submitting evidence describing Logan's medical disability. We do not address these claims because they were not raised in Logan's section 2255 motion to the district court. See United States v. Keller, 902 F.2d 1391, 1395 (9th Cir.1990).
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Logan is confined to a wheelchair as a result of a car accident when he was fleeing from the prior robbery
 
 
 [2]
 The admissibility of Logan's prior bank robbery is not at issue in this appeal because Logan already contested this issue in his direct appeal. See United States v. Logan, No. 92-50165, (9th Cir. Dec. 8, 1993) (unpublished memorandum disposition)