134 F.3d 381
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Miguel Adolf VALDEZ-PACHECO, Defendant-Appellant.
 No. 95-35997.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 5, 1998.
Decided Jan. 21, 1998.
 
 Before PREGERSON, TROTT, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant brought a 28 U.S.C. § 2255 motion before the district court asking the court to vacate, set aside, or correct his sentence. He sought relief on several grounds including ineffective assistance of counsel, due process violations, and insufficiency of evidence. The district court denied the motion. This court affirms the district court's denial of § 2255 relief.
 
 
 3
 Appellant contends his counsel was ineffective. To prevail on this claim, Appellant must show that counsel's performance was deficient and the deficiency prejudiced the outcome of the case. See Strickland v. Washington, 466 U.S. 668, 691 (1984). Appellant's ineffective assistance claim fails because he has not demonstrated prejudice. See id., 466 U.S. at 697 (a court can deny an ineffective assistance claim for failure to show prejudice before examining counsel's performance).
 
 
 4
 Appellant next contends that his absence during an informal peremptory challenge conference violated his right to be present at all critical stages of trial pursuant to Federal Rule of Criminal Procedure 43(a), the Due Process Clause of the Fifth Amendment, and the Confrontation Clause of the Sixth Amendment. See United States v. Fontenot, 14 F.3d 1364, 1370 (9th Cir.1994) (defendant has a right to be present at all critical stages of the trial). However, Appellant's counsel was present during the conference and had the opportunity to protect Appellant's rights. Appellant has not shown that his presence would have added to his defense or that his absence during the conference had any substantial and injurious effect or influence in determining the jury's verdict. The error, if any, does not amount to constitutional error. See Egger v. United States, 509 F.2d 745, 748 (9th Cir.1975) (§ 2255 motion alleging a constitutional right to be present at sidebar conferences failed, because the error, if any, was constitutionally harmless). Relief based on this claim is denied.
 
 
 5
 Appellant also asserts that his absence during the conference may have resulted in the improper exclusion of jurors based on race, citing Batson v. Kentucky, 476 U.S. 79 (1986). However, Appellant failed to make out a prima facie case of discriminatory juror selection. He did not offer evidence that the prosecutor improperly removed members of any race from the venire. See id. at 96. Accordingly, this claim fails.
 
 
 6
 Appellant also claims that some of his convictions were not supported by sufficient evidence. On count one, Continuing Criminal Enterprise, this court determined on direct appeal that the evidence was sufficient to convict. United States v. Valdez-Pacheco, 935 F.2d 277 (1990) (memorandum decision). This court will not revisit the issue. See Feldman v. Henman, 815 F.2d 1318, 1322 (9th Cir.1987) ("court has no authority to 'redecide' " the issue).
 
 
 7
 On counts eleven and twelve, Interstate Travel in Aid of Racketeering, the evidence was sufficient to establish that Appellant engaged in interstate travel with the intent to "promote, manage, establish, carry on, or facilitate the promotion, management, establishment or carrying on, of any unlawful activity." 18 U.S.C. § 1952(a)(3) (1988). The district court properly denied relief on counts eleven and twelve. Likewise, Appellant's contentions regarding insufficiency of evidence on other counts are without merit.
 
 
 8
 Appellant next argues his right of due process was violated when the government introduced evidence of property seized during a search of his house by state authorities. The evidence was properly admitted. See Fed.R.Evid. 404(b); United States v. Sitton, 968 F.2d 947, 958 (9th Cir.1992) (evidence seized prior to an offense can be used to show a continuing conspiracy).
 
 
 9
 Appellant also claims the trial court erred by giving a general unanimity instruction. He alleges a general instruction was not warranted because the jury might have been confused regarding which individuals Appellant supervised or managed. However, Appellant has not produced evidence demonstrating juror confusion. See United States v. Jerome, 942 F.2d 1328, 1331 (9th Cir.1991) (juror confusion exists when government presents as supervisees a group that included individuals who could not legally have been organized or managed by the Appellant). As such, this claim fails.
 
 
 10
 Appellant alleges the district court erred by applying the sentencing guidelines. Appellant has waived this issue by failing to raise it below. See United States v. McMullen, 98 F.3d 1155, 1157 (9th Cir.1996) ("a § 2255 petitioner cannot challenge non-constitutional sentencing errors if such errors were not challenged in an earlier proceeding").
 
 
 11
 The district court's denial of Appellant's § 2255 motion is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3