In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00157-CR
______________________________


TERRY ARVIL MANN, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 17,741-2003


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION
            Armed with information obtained from the recently arrested Mickey Durham, an
acquaintance of Terry Arvil Mann, law enforcement officers arrested Mann with over thirteen grams
of methamphetamine in his possession. Mann appeals his conviction of possessing a controlled
substance with intent to deliver.



            In two points of error, Mann attacks the decision not to recuse the trial judge who presided
over Mann's trial and the trial court's having certain hearings without Mann being present. We
affirm the judgment because (1) there was no abuse of discretion in not recusing the trial judge, and
(2) conducting a pretrial hearing without Mann present was harmless.
(1)       There Was No Abuse of Discretion in Not Recusing the Trial Judge
            In his first point of error, Mann contends that assigned judge Richard Bosworth erred when
he denied Mann's motion to recuse the trial judge, Timothy Boswell. We overrule this point of error
because Judge Bosworth did not abuse his discretion in denying the motion.
            The day before Mann's arrest, officers with the Wood County Sheriff's Office arrested 
Durham for possession of methamphetamine. Durham agreed to become a confidential informant
in exchange for more lenient treatment. The next day, under the supervision of Wood County law
enforcement personnel, Durham bought an "8-ball" of methamphetamine from Mann for $200.00. 
Mann was arrested a short time later with 13.52 grams of methamphetamine and the $200.00 "buy
money" in his possession. The resulting charge for possession of a controlled substance with intent
to deliver was set in the 402nd Judicial District Court, over which Judge Timothy Boswell presided. 
            Durham was later indicted in the 402nd Judicial District Court on his own possession charge. 
Durham agreed to testify for the State in Mann's trial in return for a recommendation of community
supervision. Law enforcement officials feared Mann might attempt to harm Durham, so they placed
Durham in an undisclosed location to protect him. They also arranged to delay Durham's case.
            The Wood County district attorney asked Judge Boswell's assistant to remove Durham's case
from the docket so Durham would not have to appear publicly in court. Durham's case was removed
from Judge Boswell's docket several times while Mann's case was still pending. On one occasion,
Durham faxed a pro se motion for continuance and Judge Boswell sealed the motion to protect the
secrecy of Durham's location. Durham never retained counsel during this time.
            Before trial began, Mann filed a motion to recuse Judge Boswell. The motion was premised
on Judge Boswell's actions relating to Durham. Judge Boswell referred the motion to the presiding
judge of the administrative judicial district, who appointed Judge Richard Bosworth to conduct a
hearing and rule on the motion. Judge Bosworth denied the motion.
            We review the denial of a motion to recuse for abuse of discretion. See Tex. R. Civ. P.
18a(f); Vickery v. Vickery, 999 S.W.2d 342, 349 (Tex. 1999) (op. on reh'g); McElwee v. McElwee,
911 S.W.2d 182, 185 (Tex. App.—Houston [1st Dist.] 1995, writ denied). The test for abuse of
discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case
for the trial court's action; rather, it is a question of whether the court acted without reference to any
guiding rules or principles. The mere fact that a trial court may decide a matter within its
discretionary authority in a different manner than an appellate judge does not demonstrate such an
abuse. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex. 1985); Mosley v. State,
141 S.W.3d 816, 834 (Tex. App.—Texarkana 2004, pet. ref'd).
            A judge should be recused in any proceeding in which the judge's impartiality might
reasonably be questioned. See Tex. R. Civ. P. 18b(2)(a). In determining whether a judge's
impartiality might be reasonably questioned, the proper inquiry is whether a reasonable member of
the public at large, knowing all the facts in the public domain concerning the judge's conduct, would
have a reasonable doubt that the judge is actually impartial. Kirby v. Chapman, 917 S.W.2d 902,
908 (Tex. App. —Fort Worth 1996, no pet.). The inquiry focuses on the conduct of the judge, not
that of any third party. Id. Mann contends Judge Boswell's impartiality was questionable because,
he asserts, the judge gave extraordinary and preferential treatment to a witness for the State.
            Judge Boswell testified at the hearing. He said it was not unusual for him to remove a
confidential witness from the docket and substantially delay their case to protect the witness' safety.
The judge testified he did not know Durham was connected to Mann's case. He said he did not have
any direct conversations with the district attorney's office about either Durham or Mann. This
testimony was corroborated by the district attorney. Judge Boswell stated he did not have any bias,
ill will, or prejudice against Mann. He also stated he had not formed any opinion relating to the case,
had not prejudged Mann's guilt or innocence, and had not given any favors to the State or the
defense.
            We find the testimony and evidence presented at the hearing on the motion to recuse was
sufficient to allow Judge Bosworth to reasonably conclude that Judge Boswell's impartiality was not
in question. There was no abuse of discretion. We overrule Mann's first point of error.



(2)       Conducting a Pretrial Hearing Without Mann Present Was Harmless
            In his second point of error, Mann contends the trial court committed reversible error by
conducting a pretrial hearing without Mann being present. While error appears here, we hold that
the error was harmless.
            Just before voir dire, the trial court held a hearing in chambers with the attorneys for both
sides, but without Mann. This hearing covered several matters, including: (1) deciding whether the
district clerk could continue to perform her duties although she was under subpoena duces tecum for
documents concerning Durham's location; (2) a motion in limine filed by the State in which the only
contested matters concerned the parties' ability to mention certain matters relating to Durham and
whether  Mann  may  have  been  entrapped;  (3)  Mann's  request  that  the  jury  assess  punishment;
(4)  Mann's  motion  in  limine  to  prevent  the  State  from  introducing  extraneous  offenses;  and
(5) Mann's request that the State notify him before introducing into evidence any of Mann's prior
offenses.
            Mann had a statutory right to be present at this pretrial proceeding. See Tex. Code Crim.
Proc. Ann. art. 28.01 (Vernon 1989). Because Mann had a statutory right to be present at the
hearing, it was error for the court to conduct the hearing without him. Next, we must determine
whether this error resulted in harm.
            When reviewing nonconstitutional error, we disregard errors, defects, irregularities, or
variances that do not affect substantial rights of the accused. Tex. R. App. P. 44.2(b). A substantial
right is affected when the error had a substantial and injurious effect or influence in determining the
jury's verdict. King v. State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997). If, on the record as a
whole, it appears the error did not influence the jury, or had but a slight effect, the court must
conclude the error was not harmful and allow the conviction to stand. Johnson v. State, 967 S.W.2d
410, 417 (Tex. Crim. App. 1998).
            In addition to the usual harm analysis, the Texas Court of Criminal Appeals has adopted the
"reasonably substantial relationship" test to use when conducting a harm analysis for an Article 28.01
violation. Adanandus v. State, 866 S.W.2d 210, 219 (Tex. Crim. App. 1993). The "reasonably
substantial relationship" test focuses on the effect of the error on the advancement of the defendant's
defense. Id. Under this test, the defendant's presence must bear a reasonably substantial relationship
to the opportunity to defend. Id.
            The "reasonably substantial relationship" test is also used to determine if a defendant's right
to be present under the Sixth Amendment to the United States Constitution has been violated. 
Routier v. State, 112 S.W.3d 554, 576 (Tex. Crim. App. 2003); see Egger v. United States, 509 F.2d
745, 748 (9th Cir. 1975). If a constitutional violation has occurred, the case must be reversed unless
the court determines beyond a reasonable doubt that the error did not contribute to the conviction
or punishment. Tex. R. App. P. 44.2(a).
A defendant's constitutional right to be present during certain stages of criminal
proceedings is rooted in the Confrontation Clause of the Sixth Amendment and in the
Due Process Clause. United States v. Gagnon, 470 U.S. 522, 526, 84 L.Ed. 2d 486,
105 S.Ct. 1482 (1985) (per curiam). The Due Process Clause applies in lieu of the
Sixth Amendment in situations where the defendant is not specifically confronting
witnesses or evidence against him. Id. It requires a criminal defendant's presence "to
the extent that a fair and just hearing would be thwarted by his absence, and to that
extent only." Snyder v. Massachusetts, 291 U.S. 97, 108, 78 L.Ed. 674, 54 S.Ct. 330
(1934) (Cardozo, J.); United States v. Rosario, 111 F.3d 293, 298 (2d Cir. 1997).
United States v. Jones, 381 F.3d 114, 121–22 (2d Cir. 2004).
            The Texas Court of Criminal Appeals has held that a defendant's absence at a pretrial
proceeding does not bear a reasonably substantial relationship to the opportunity to defend where
defendant's insight is not needed for the trial court to rule on the issues presented and where the
defendant does not have any information, not available to the attorneys or the court, regarding any
of the matters discussed at the proceeding. Adanandus, 866 S.W.2d at 220. There is no indication
that any insight possessed by Mann would have helped his defense either at the hearing or at any
later time.
            At the pretrial hearing, Mann's counsel informed the trial court that Mann had filed an
election to have the jury assess punishment. Toward the end of trial, he changed his election, with
the State's consent, and chose to have the trial court assess punishment. This change was made after
Mann's counsel discovered that Mann had previously been convicted of a felony and was, therefore,
not eligible to receive a recommendation of community supervision from the jury. Mann contends
his defense was harmed because, at the pretrial hearing, he could not tell his attorney about the
previous conviction. Mann argues that, had he been present, he would not have elected initially to
have the jury assess punishment and that, with a different initial election, he could have selected
from a wider range of jurors, not just those jurors willing to consider community supervision.
            The record affirmatively shows, however, that Mann did consult with his counsel before
making his initial election to have the jury assess punishment. During the pretrial hearing, Mann's
attorney told the trial court regarding the election, "In the last two hours we've been discussing with
our client that change and procedure here." Mann also executed an affidavit in which he swore he
had never before been convicted of a felony. Further, Mann's attorneys were only informing the trial
court of Mann's already-filed election, not making an election at that time. The trial court did not
and was not required to make any ruling on Mann's election. The court said in Adanandus, "We
cannot envision how appellant's presence could have furthered his defense." Id. Nor can we, in this
case.
            The pretrial's only contested matters decided against Mann dealt with two paragraphs of the
State's motion in limine. As to those items, the trial court ruled that both parties must approach the
bench before anyone could mention anything related to the subpoena issued to the district clerk or
to any sealed or secret documents relating to Durham. There is no assertion or evidence that Mann
possessed any information not available to his attorneys or the trial court relating to those matters. 
And we note that simply requiring a party to approach the bench before broaching a subject in the
jury's presence is inherently nonprejudicial.
            We hold that Mann's absence at the pretrial hearing in question did not bear a reasonably
substantial relationship to his opportunity to defend. Accordingly, we hold that the violation of
Mann's statutory right under Article 28.01 of the Texas Code of Criminal Procedure was harmless
and that, beyond a reasonable doubt, Mann suffered no harm from not being present at that pretrial
hearing. We overrule Mann's second point of error.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          June 14, 2006
Date Decided:             June 23, 2006

Do Not Publish