

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-57001 |
| Plaintiff - Appellee, | D.C. Nos.  2:10-cv-02588-CAS |
| v. | 2:07-cr-0847-CAS-1 |
| PEDRO PENA, AKA Dizzy, AKA Seal, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted October 7, 2013**
Pasadena, California

Before: REINHARDT, KLEINFELD, and CHRISTEN, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Pedro Pena appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate his 130-month sentence for distribution of methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.[1]

Pena argues that his trial and appellate counsel were ineffective when they failed to object to the base offense level used at sentencing. He argues that counsel should have objected because that level was derived, in part, from a dismissed count. We review ineffective assistance of counsel claims and the denial of a 28 U.S.C. § 2255 motion de novo. *United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012). To demonstrate ineffective assistance of counsel, Pena must show that counsel's representation fell below an objective standard of reasonableness and that he was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984).

Pena's trial counsel's failure to object to the base offense level and his appellate counsel's failure to raise the issue on appeal was not unreasonable because any objection would have been without merit. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.") (quoting

---

[1] We decline to address the issues Pena raises that were not included in the Certificate of Appealability, as they were not present in the original § 2255 petition and may not be raised for the first time here. *See United States v. Keller*, 902 F.2d 1391, 1395 (9th Cir. 1990) (citing *Egger v. United States*, 509 F.2d 745, 749 (9th Cir.), *cert denied*, 423 U.S. 842 (1975)).

*Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982)). Before sentencing, Pena signed a plea agreement in which he stipulated to a base offense level of 32 —a level that reflected, in part, the drugs he was charged with distributing in the dismissed count. At sentencing, the district court advised Pena of the sentencing range and adopted 32 as the base offense level in accordance with the plea agreement. Because Pena had agreed to this base offense level and sentences such as Pena's may be based on "relevant conduct," *see* U.S.S.G. § 1B1.3(a)(2), there was no basis for trial counsel to object and no basis for appellate counsel to raise the issue on appeal.

**AFFIRMED.**